## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PETER A. BLEVINS,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
            Agency.

DOCKET NUMBER
NY-0353-20-0047-I-1

DATE: August 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter A. Blevins, New York, New York, pro se.

Leslie L. Rowe, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for finding that the appellant failed to nonfrivolously allege that his absence was due to a compensable injury, we AFFIRM the initial decision.

## BACKGROUND

The appellant is employed by the agency as a Mail Handler. Initial Appeal File (IAF), Tab 9 at 6. He stopped working after sustaining an on-the-job injury for which he filed a claim with the Office of Workers' Compensation Programs (OWCP). *Id*. at 11. OWCP accepted the appellant's claim. *Id*.

By letter dated November 30, 2017, the agency offered the appellant a part-time Modified Mail Handler position that it contended could be performed within his medical limitations. *Id*. at 25-26. According to the appellant, he did not receive the agency's November 30, 2017 letter. *Id*. at 19.

By letter dated December 22, 2017, OWCP wrote to the appellant that it had "been advised that you have refused or failed to report to [the Modified Mail Handler] position." *Id*. at 23. It further informed the appellant that it found the offer suitable. *Id*. By letter dated January 25, 2018, the appellant responded to OWCP that he was unaware of the agency's offer until he received OWCP's letter with the enclosed offer at the end of December 2017. *Id*. at 19. He further stated that he was unable to accept the offer until the agency acknowledged his present

limitations and a review was conducted by an agency District Reasonable Accommodation Committee (DRAC) of whether the offer was within his medical restrictions. IAF, Tab 1 at 5, Tab 3 at 6, Tab 9 at 21.

By letter dated January 31, 2018, OWCP informed the appellant that it found his reasons for refusing to accept the agency's offer of a modified position to be unacceptable. IAF, Tab 9 at 17. OWCP stated that the agency advised that the position remained open to the appellant. *Id*. On March 14, 2018, the agency apparently afforded the appellant an additional 15 days to accept the offer, stating that it would provide equipment to address some of the appellant's medical concerns, but he again did not accept it. *Id*. at 13. By letter dated April 18, 2018, OWCP informed the appellant that his entitlement to compensation for wage loss and schedule award would be terminated effective April 19, 2018, for refusal of suitable work. *Id*. at 10. It advised him that he remained eligible for medical benefits, if needed, to treat his on-the-job injury. *Id*.

According to the appellant, he attempted to accept the agency's job offer by letter dated May 9, 2018. IAF, Tab 6 at 6, 21, 24. He asserted that despite this letter and his subsequent phone calls to the agency, discussions with some agency officials, and a second letter he sent to the agency later that month, he did not receive a response to his attempt to accept the offer. *Id*. at 6. The appellant also requested that OWCP reconsider its decision to terminate his benefits. IAF, Tab 9 at 8-9. In June 2018, OWCP acknowledged receipt of the appellant's request.[2] *Id*. at 7.

The appellant asserted that he presented himself at his worksite on July 17, 2018, with the job offer and was permitted to work for 4 hours. IAF, Tab 6 at 7. However, the following day, after working approximately 1 to 2 hours, the agency

[2] In its January 16, 2020 pleading below, the agency asserted without dispute that there had not yet been a determination on the appellant's reconsideration request. IAF, Tab 10 at 8.

informed the appellant that the job offer had been withdrawn and told him to leave.[3] IAF, Tab 3 at 10, Tab 6 at 7-8.

This restoration appeal followed. IAF, Tab 1 at 3. The administrative judge advised the appellant of his burden to establish jurisdiction, and both parties responded. IAF, Tabs 4-6, 10. The administrative judge then issued an initial decision, dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 5. Specifically, she appeared to find that by rejecting the job offer, the appellant was no longer entitled to compensation, and thus no longer met the criteria for restoration. ID at 3-4.

The appellant has filed a petition for review, asserting that he requested a hearing, referring to the evidence he submitted below regarding the facts of this case, and indicating that he believes the Board has jurisdiction over his appeal. Petition for Review (PFR) File, Tab 1 at 3-4, 6. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to nonfrivolously allege the Board's jurisdiction over his partial restoration claim.

The Federal Employees' Compensation Act and the implementing regulations of the Office of Personnel Management (OPM) at 5 C.F.R. part 353 provide, inter alia, that Federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151(b); *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 9 (2006); 5 C.F.R. § 353.301. OPM's regulations require that an agency "make every effort to restore in the local commuting area" an employee who, more than 1 year after compensation began, has recovered sufficiently from his injury to return to limited duty but has not yet fully recovered. *Hamilton*, 123 M.S.P.R. 404,

---

[3] The record indicates that the appellant remained employed with the agency at least through this time period, as an August 31, 2019 notification of personnel action regarding a cost of living adjustment indicated that he was in a leave without pay status. IAF, Tab 9 at 6.

¶¶ 9-10, 15 n.9 (explaining that the restoration rights of individuals who are partially recovered and physically disqualified generally are the same after 1 year from the date compensation begins); 5 C.F.R. §§ 353.102, 353.301(c)-(d).

Here, the appellant was injured in 2003, and OWCP accepted his claim in 2004. IAF, Tab 7 at 3-4. Further, he alleged below that he suffered from medical restrictions preventing him from performing the duties of his former position at the time the agency made the job offers at issue here. IAF, Tab 6 at 15-17, Tab 7 at 18-19. The administrative judge concluded, in essence, that the appellant was an employee who had not fully recovered, and whose compensation began more than 1 year before the job offers at issue here. ID at 2-4. The appellant does not dispute this contention on review, and we discern no reason to disturb it. PFR File, Tab 1 at 3-4.

Under these circumstances, an appellant establishes jurisdiction by nonfrivolously alleging, as relevant here, that he was absent from his position due to a compensable injury. *Hamilton*, 123 M.S.P.R. 404, ¶ 12. Although her findings are unclear, the administrative judge appears to have found that the appellant was unable to prove that he suffered a compensable injury because OWCP had ceased paying wage-replacement benefits. ID at 3 (citing 5 U.S.C. § 8106(c)(2) (indicating that an individual who refuses an offer of suitable work "is not entitled to compensation"). The appellant indirectly challenges this finding, arguing that OWCP has made a "determination of disability" and he "was considered disabled." PFR File, Tab 1 at 6. To the extent he is arguing that he nonfrivolously alleged he suffered a compensable injury, we agree.

An employee's eligibility for payment of medical expenses for his on-the-job injury means that the injury is compensable, even if the employee is not eligible for wage-replacement benefits. 5 U.S.C. §§ 8101(12), 8103, 8106(c)(2); *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶¶ 13-14 (2010); *see* 20 C.F.R. § 10.500(c)-(d) (reflecting that an employee who refuses an offer of suitable employment is not entitled to wage-replacement benefits, but that

"[p]ayment of medical benefits is available"). Here, OWCP terminated the appellant's wage-replacement benefits in April 2018 due to his failure to accept what it deemed to be suitable work. IAF, Tab 9 at 10. However, OWCP advised the appellant that he remained eligible for medical benefits to treat his accepted condition. *Id.* Thus, to the extent that she found that the appellant failed to establish that he suffered from a compensable injury, the administrative judge erred.

Nonetheless, we find that the administrative judge's error was not harmful, and therefore provides no basis to reverse the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (providing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Although the appellant nonfrivolously alleged that he suffered a compensable injury, he failed to nonfrivolously allege that, at the time he attempted to accept the job offer in May and July 2018, his absence was due to that injury. To be entitled to any restoration rights, an employee must have been absent as a result of a compensable injury. *See Manning v. U.S. Postal Service*, 118 M.S.P.R. 313, ¶ 8 (2012) (explaining that an employee who was absent from work because the agency removed her for cause, rather than for reasons substantially related to her compensable injury, was not entitled to restoration); *Artis v. U.S. Postal Service*, 88 M.S.P.R. 309, 312 (2001) (observing that restoration rights accrue to employees who were separated or furloughed from a position without time limitation as a result of a compensable injury); 5 C.F.R. § 353.201(b) (explaining that OPM's restoration regulations cover an individual "who was separated or furloughed from an appointment without time limitation").

The appellant bears the burden of nonfrivolously alleging that his absence was due solely to his compensable injury. *See Walley v. Department of Veterans Affairs*, 279 F.3d 1010, 1018, 1020 (Fed. Cir. 2002) (finding that an employee who alleged the agency denied her restoration when it terminated her for absences

had to prove that those absences were caused solely by her compensable injury), *abrogated by Garcia v. Department of Homeland Security*, 437 F.3d 1322 (Fed. Cir. 2006) (en banc) (finding that the correct jurisdictional burden in constructive adverse actions appeals is preponderant evidence), *superseded by regulation as stated in Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 10 (2016) (recognizing that since *Garcia* was decided, the Board issued a new regulation that adopted a nonfrivolous allegation standard for restoration appeals); 5 C.F.R. § 1201.56(a)(4), (b) (providing that jurisdiction in a restoration appeal is stabled by nonfrivolous allegations). Here, the appellant cannot meet his burden. Decisions on the suitability of an offered position are within the exclusive domain of OWCP, and it is that agency, and not the Board, that possesses the requisite expertise to evaluate whether a position is suitable in light of an employee's particular medical condition. *McDonnell v. Department of the Navy*, 84 M.S.P.R. 380, ¶ 9 (1999). After April 2018, when OWCP found that the appellant failed to accept a suitable job offer, his absence was no longer due to his compensable injury because he had rejected work he could have performed. IAF, Tab 9 at 10; *see Walley*, 279 F.3d at 1020 (finding that a petitioner failed to prove her termination for absences was solely due to her compensable injury when she did not attribute all of those absences to her compensable injury). Because he cannot establish jurisdiction for this reason, we find it unnecessary to review whether he met his jurisdictional burden as to the remaining elements of his claim. *See Hamilton*, 123 M.S.P.R. 404, ¶ 12 (setting forth the jurisdictional elements of an appeal from an alleged denial of restoration following partial recovery).

To the extent that the appellant alleges that the agency denied him reasonable accommodation for his noncompensable medical conditions, we are without jurisdiction to review those claims. IAF, Tab 6 at 49; PFR File, Tab 1 at 6. Claims of prohibited discrimination or reprisal cannot serve as an alternative means of showing that a denial of restoration was arbitrary and capricious. *Cronin*, 2022 MSPB 13, ¶¶ 21-22. Thus, the appellant's claims that the agency

failed to provide a DRAC review of the offer or otherwise denied him a reasonable accommodation are not an independent source of jurisdiction. *See id.*

We acknowledge, as the appellant asserts on review, that the administrative judge erred in finding that the appellant did not request a hearing. ID at 1; IAF, Tab 1 at 2. However, any error is harmless. *See Panter*, 22 M.S.P.R. at 282. An appellant is entitled to a hearing on the merits of his restoration appeal if he makes nonfrivolous allegations of Board jurisdiction. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 5 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin*, 2022 MSPB 13, ¶ 20 n.11; 5 C.F.R. § 1201.57(a)(4), (b), (c)(4). Because we agree with the administrative judge that the appellant did not make such allegations, we find that he is not entitled to a hearing.

On review, the appellant argues that he is entitled to a restoration of his OWCP benefits. PFR File, Tab 1 at 6. However, the Board lacks jurisdiction to consider an OWCP decision to terminate benefits. *Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 8 (1999).[4] Accordingly, we discern no basis to find Board jurisdiction over the instant appeal.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] On review, the appellant raises a number of arguments that are not relevant to the jurisdictional issue here. For example, he asserts that the agency's widespread discriminatory policies have been exposed in another case; the agency did not properly process his requests for reasonable accommodation; the agency refused to pay him for time that he worked and refused to restore his health and life insurance; the agency refused to render timely decisions on his grievances or respond to union requests for information; and he has additional documentation evidencing that the agency considered making a different job offer. PFR File, Tab 1 at 4-7. Because these issues are irrelevant to whether the appellant's absence was due to his compensable injury, we do not address them.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.